# EXHIBIT 1

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered) |
| WOODBRIDGE GROUP OF COMPANIES, LLC and WOODBRIDGE MORTGAGE INVESTMENT FUND 2, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>JUDITH C. DOYLE LIVING TRUST DATED 7-31-2009,<br><br>Defendant. | Adversary Proceeding No. 18-50936 (KJC) |

## STIPULATION REGARDING ELECTION TO RECLASSIFY AS CLASS 3 CLAIM

This Stipulation is entered into by and between, on the one hand, Judith C. Doyle Living Trust Dated 7-31-2009 ("Claimant") and, on the other hand, the above-captioned debtors and debtors in possession (collectively, the "Debtors," and with Claimant, the "Parties" and each a "Party").

A. **WHEREAS**, on December 4, 2017, the Debtors commenced voluntary cases under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

173013.1.2

for the District of Delaware (the "Bankruptcy Court");

B.  **WHEREAS**, on August 22, 2018, the Debtors filed the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* [Docket No. 2397] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Plan"),[2] and on October 26, 2018, the Bankruptcy Court entered an order confirming the Plan [Docket No. 2903];

C.  **WHEREAS**, the Plan provides, *inter alia*, that each Holder of a Class 6 Non-Debtor Loan Note Claim may agree, by electing on its Ballot, to the reclassification of such Class 6 Claim as a Class 3 Standard Note Claim;

D.  **WHEREAS**, Claimant holds a Class 6 Non-Debtor Loan Note Claim (the "Claim") with a Net Note Claim amount of $98,862.49;

E.  **WHEREAS**, Claimant did not elect on Claimant's Ballot to reclassify the Claim as a Class 3 Standard Note Claim;

F.  **WHEREAS**, as contemplated by Section 3.7 of the Plan, on November 16, 2018, certain of the Debtors initiated the above-captioned adversary proceeding (the "Adversary Proceeding") against Claimant, seeking to, among other things, (i) avoid and recover monies previously paid to Claimant as fictitious profits; (ii) disallow the Claim pending repayment of the fictitious profits received prepetition; and (iii) obtain a final determination that the Claim is not actually secured by any perfected lien or security interest; and

G.  **WHEREAS**, Claimant now desires to have the Claim reclassified as a Class 3 Standard Note Claim, with such Claim to receive the treatment set forth in the Plan for Class 3 Standard Note Claims, waiving any assertion that such Claim is secured by any lien or security

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan.

interest in any property of the Debtors' estates, and the Debtors do not object to the reclassification of the Claim as a Class 3 Standard Note Claim on these terms.

**NOW THEREFORE**, the Parties agree as follows:

1. Recitals A through G, inclusive, are true and correct and are an integral part of this Stipulation.

2. The Parties warrant that they are authorized to enter into this Stipulation and that by their signatures below, it will become binding on the Parties, subject only to Bankruptcy Court approval.

3. Claimant shall be deemed to have elected to reclassify the Claim as a Class 3 Standard Note Claim as if Claimant had made such election on Claimant's Class 6 Ballot.

4. The Claim shall be deemed a Class 3 Standard Note Claim under the Plan, with the Net Note Claim of such Claim equal to $98,862.49, and shall receive the treatment set forth in the Plan (including, without limitation, under Section 3.4 of the Plan) for Holders of Class 3 Standard Note Claims. For the avoidance of doubt, the Claim shall be an unsecured Claim, and shall not be secured by any lien or security interest in any property of the Debtors' estates.

5. Promptly upon Court approval of this Stipulation, the Debtors shall cause the Adversary Proceeding to be dismissed with prejudice.

6. The Bankruptcy Court shall have exclusive jurisdiction and power to resolve any dispute arising out of, relating to, or deriving from this Stipulation and has the jurisdiction and power to enter a final order thereon.

*[Remainder of page intentionally left blank]*

Dated: 11-26, 2018

WOODBRIDGE GROUP OF COMPANIES, LLC, ET AL.

By: _____
   Name:  Bradley D. Sharp
   Title:   Chief Restructuring Officer


JUDITH C. DOYLE LIVING TRUST
DATED 7-31-2009

By: _____
   Name:

173013.1 .2

4

Dated: _11-21-_, 2018

WOODBRIDGE GROUP OF COMPANIES, LLC, ET AL.

By:_____
   Name: Bradley D. Sharp
   Title: Chief Restructuring Officer


JUDITH C. DOYLE LIVING TRUST
DATED 7-31-2009

By: *Judith C. Doyle, Trustee*
Name: